MYERS *v.* CENTERS.

Opinion delivered October 18, 1926.

FRAUD—MISREPRESENTATION.—Where plaintiff voluntarily paid an
assessment on his sister's bank stock, which she was in law bound
to pay in any event, his payment was an indirect loan to her,
and the fact that plaintiff was induced to make such loan by
defendant's false representations as to the value of the stock did
not render defendant liable to plaintiff.

Appeal from Boone Circuit Court; *J. M. Shinn*,
Judge; reversed.

*Woods & Greenhaw* and *E. G. Mitchell*, for appellant.
*Shouse & Rowland*, for appellee.

HUMPHREYS, J. This suit was brought in a magis-
trate's court in Boone County for appellee against
appellant to recover $90, which he had paid for his sister,
Miss Centers, upon a 30 per cent. assessment which had
been made by the Bank Commissioner of the State against
$300 worth of stock owned by her in the Farmers' Bank
at Harrison, Arkansas, which was subsequently closed

for the purpose of liquidation. The gist of the complaint was that he had paid the assessment for his sister, upon the representation of appellant, who was president of the bank, that the 30 per cent. assessment against the stockholders would put said bank on a sound financial basis and make it as good as any bank in Harrison, and that he would guarantee that said stock would be worth, in a short time, 125 per cent. on the dollar.

Appellant orally denied the material allegations in the complaint, and, upon a trial of the cause, appellee recovered a judgment against him for $90, from which judgment he duly prosecuted an appeal to the circuit court.

On the trial *de novo* in the circuit court, appellee again recovered judgment in the sum of $90 against appellant, from which is this appeal.

The testimony introduced by appellee tended to establish that misrepresentations had been made to appellee by appellant as to the solvency of said bank and the value of said stock, which induced appellee to pay the 30 per cent. assessment, amounting to $90, against his sister's stock for her, and that, a short time thereafter, the bank was liquidated at the instance of the Bank Commissioner, which liquidation resulted in appellee's sister losing her stock and in appellee losing the amount of the assessment he paid for her.

The testimony introduced by appellant tended to show that he made no such misrepresentations to appellee.

The cause was sent to the jury on the sole issue of whether such misrepresentations had been made by appellant to appellee, over the objection and exception of appellant, and the finding of the jury upon that issue is conclusive. The weight of the evidence was a question solely for the jury; appellant contends, however, that the court erred in allowing the case to turn upon this issue, in view of the undisputed fact that appellee paid a stock assessment for his sister which the law required her to pay. Appellee testified that his

sister refused to pay the assessment, whereupon he paid it for her, being induced to do so through the misrepresentations of appellant as to the condition of the bank and the value of the stock. He also testified that, when the bank went into liquidation, his sister lost her stock, and he lost the amount of the assessment he had paid for her.

As we understand the testimony, he did not purchase his sister's stock, but, on the contrary, advanced the money to pay an assessment which the law required her to pay. It was an indirect loan to her for the purpose of paying her assessment, and voluntary so far as she was concerned.

Appellee insists that the instant case is ruled by the case of *Myers* v. *Martin*, 168 Ark. 1028, 272 S. W. 856. So far as the issue of misrepresentations is concerned, the two cases are alike, but they are dissimilar upon the issue of liability. Martin was induced to purchase stock and pay the assessment thereon, as a single transaction, through misrepresentations. In the instant case, appellee was induced to pay the assessment for his sister, which she was bound to pay under the law, through misrepresentations. In other words, appellee was not induced to buy anything on account of misrepresentations made to him by appellant. By voluntarily making the payment for her, he took her place. It was her duty to pay the assessment, with or without misrepresentations, and she could not have based a cause of action against appellant for paying the assessment upon his misrepresentations.

On account of the error indicated the judgment is reversed, and the cause is remanded for a new trial.